409 So.2d 44 (1981)
STATE of Florida, Appellant,
v.
Stephen GROFF, Appellee.
No. 81-682.
District Court of Appeal of Florida, Second District.
December 16, 1981.
Rehearing Denied January 28, 1982.
*45 E.J. Salcines, State Atty., and David P. Rankin, Asst. State Atty., Tampa, and Jim Smith, Atty. Gen., Tallahassee and James S. Purdy, Asst. Atty. Gen., Tampa, for appellant.
Charles P. Schropp and Raymond T. Elligett, Jr., of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellee.
PER CURIAM.
The State of Florida appeals an order granting appellee Dr. Stephen Groff's motion to dismiss the second amended information. We affirm.
Dr. Groff is a psychiatrist. In that capacity, he treated one George Hoover but did not treat Hoover's daughter. The state alleged in its information that Dr. Groff had reason to believe that George Hoover was abusing his daughter and that Dr. Groff did not report the abuse nor cause reports to be filed with the Department of Health and Rehabilitative Services.
Dr. Groff was charged pursuant to section 827.07(4), Florida Statutes (1975), which provides:
Any person, including, but not limited to, any physician, nurse, teacher, social worker, or employee of a public or private facility serving children, who has reason to believe that a child has been subject to abuse shall report or cause reports to be made to the department.
We are of the opinion that the phrase "any person" is qualified by the phrase "serving children." Thus, the phrase "any person" includes all those who serve children and is not limited to physicians, nurses, teachers, social workers or employees of public or private facilities.
Dr. Groff was not treating George Hoover's daughter and, in fact, the record shows he had never met the daughter. He does not, therefore, fall under the mandatory provision of section 827.07(4), Florida Statutes (1975), which requires the "serving of children." The information against him was properly dismissed.
AFFIRMED.
HOBSON, A.C.J., and OTT and RYDER, JJ., concur.