Charles A. KLINE, Plaintiff,

v.

TENNESSEE VALLEY AUTHORITY,
et al., Defendants.

No. CIV 3–90–0808.

United States District Court,
E.D. Tennessee, N.D.

Jan. 23, 1992.

Carol S. Nickle, Knoxville, Tenn., for plaintiff.

Edward S. Christenbury, Gen. Counsel, James E. Fox, Deputy Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Jack Woodall, Richard Riggs, Office of the General Counsel, Tennessee Valley Authority, Knoxville, Tenn., for defendants.

MEMORANDUM OPINION

JORDAN, District Judge.

This civil action is before the Court for consideration of the parties' opposing mo-

tions for partial summary judgment under Fed.R.Civ.P. 56 [docs. 6 and 14] on the issue whether the plaintiff's job and that of another employee of the defendant Tennessee Valley Authority (TVA) should have been combined into one competitive level for the purpose of a reduction in force (RIF) in which the plaintiff lost his job. The Court heard the arguments of counsel in November, 1991, and is now ready to render its decision. For the reasons stated in this Memorandum Opinion, the Court will grant the defendants' motion, and will uphold the decision of the Merit Systems Protection Board (MSPB), 46 MSPR 193, on this issue.

Most of the facts are not in dispute. The plaintiff Mr. Kline first went to work for TVA in 1962. By 1988, he was working in the position of Personnel Officer in the Watts Bar Project Personnel Office of TVA's Office of Employee Relations. (Watts Bar was a nuclear power plant owned by TVA which at all times pertinent to this civil action was in its construction phase.) As such, he was a salary plan, as opposed to a trades and labor, employee, and was classified at grade M–5.

TVA sent to the plaintiff on July 29, 1988 notice of the termination of his employment, effective September 30, 1988. The stated reason for the loss of his job was a RIF. There is no dispute between the parties concerning the legality or propriety of the RIF.[1]

When TVA discharged Mr. Kline from employment, there was another personnel officer at the Watts Bar site, J. Scott Shaffer. Mr. Shaffer held the position of Supervisor, Personnel Services Staff, as an employee in TVA's Office of Nuclear Powerer, and was classified at grade M–053. Quoting from the initial decision rendered in this case by Administrative Judge Jack E. Salyer:

> The following salient facts are not in dispute. Both [Mr. Kline] and Shaffer incumbered supervisory personnel positions at the M–5 grade level at the Watts Bar Nuclear Plant. [Mr. Kline] was the Personnel Officer for nuclear construction at the plant site while Shaffer was the Supervisor, Personnel Services, for the plant itself. Shaffer's position was not abolished during the reorganization. The positions encumbered (sic: incumbered) by [Mr. Kline] and Shaffer were stipulated to be in the same competitive area, the Senior Vice–President's Office/Watts Bar.... Finally, because [Mr. Kline] had greater retention standing than employee Shaffer, he would have been retained rather than Shaffer had the two positions been placed in the same competitive level.

Initial Decision, *supra* n. 1, at 3.

Given the parties' stipulations, the controlling issue presented by the opposing motions for partial summary judgment is whether Mr. Kline's and Mr. Shaffer's jobs should have been combined in the same competitive level for the purposes of the RIF which became effective September 30, 1988.[2] The presiding official at the first hearing on Mr. Kline's appeal from TVA's decision concerning his employment, Administrative Judge Salyer, held for Mr. Kline on this issue, but MSPB reversed this initial decision and held in favor of TVA. Given this procedural history, the parties present initially a dispute concerning the

---

1. "During the March 17, 1989, telephonic pre-hearing conference, the parties stipulated that the agency had legitimate management reasons for invoking the RIF regulations. Second Appeal File, Tab 8. Accordingly, based on the parties' stipulation and the appellant's specific RIF notice, I find that the agency has demonstrated by a preponderance of the evidence that it invoked the RIF regulations for proper reasons under 5 C.F.R. § 351.201(a)(2)." *Charles A. Kline v. Tennessee Valley Authority,* docket no. SL03518910244, MSPB, initial decision, May 26, 1989 (*per* Jack E. Salyer, Administrative Judge) (hereinafter "Initial Decision").

2. The other issue in this civil action is whether TVA discriminated against Mr. Kline because of his race. (Mr. Kline is black, and Mr. Shaffer is white.) It is for this reason that this civil action, as a "mixed case," is before this Court. *See* 5 U.S.C. § 7703(b)(2), and regulations promulgated thereunder. Recognizing that the issue of alleged racial discrimination is one on which Mr. Kline is entitled to a *de novo* hearing, 5 U.S.C. § 7703(c), and that it is not susceptible to summary adjudication, the parties have reserved it for trial.

deference which MSPB was required to give to the presiding official's initial decision, as well as the weight which this Court must give to the initial decision in reviewing MSPB's decision.

 The standard of review of a MSPB decision is established by 5 U.S.C. § 7703(c), which provides in part that the reviewing court

shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence....

The "substantial evidence" standard in § 7703(c)(3), the provision which is controlling in the case at bar, requires that an agency decision be upheld if it is supported by such relevant evidence as one might reasonably accept as adequate to support a conclusion. *Boylan v. United States Postal Service,* 704 F.2d 573, 575 (11th Cir. 1983), *cert. denied,* 466 U.S. 939, 104 S.Ct. 1916, 80 L.Ed.2d 464 (1984) (citations omitted). Review of the agency decision must be on the record as a whole, but it does not involve *de novo* adjudication of the issues. The court must consider both the record evidence which supports the agency decision and that which contradicts it. *Id.*

 The plaintiff Mr. Kline recognizes the general rule of the substantial evidence standard, but argues that review of a MSPB decision in accordance with the standard must be less deferential when MSPB reversed the decision of the presiding official who rendered an initial decision.[3] The plaintiff relies upon, among other authorities, *Borsari v. Federal Aviation Admin-*

*istration,* 699 F.2d 106 (2d Cir.), *cert. denied,* 464 U.S. 833, 104 S.Ct. 115, 78 L.Ed.2d 115 (1983).

*Borsari* and the other authorities cited by the plaintiff do indicate that the reviewing court must not ignore the fact that the presiding official who rendered an initial decision was the only one in the administrative review process who saw and heard the witnesses. In *Borsari,* the first administrative law judge (ALJ) who heard the appealing air traffic controller's case found that the agency had shown by a preponderance of the evidence that the controller had possessed cocaine. MSPB, upon the first appeal, remanded the case for a second initial determination, and asked for, among other rulings, a ruling on the sufficiency of the evidence concerning possession of cocaine. Upon remand, the second ALJ, relying upon the evidence in the record of the hearing before the first ALJ, held for the air traffic controller on this issue. When the case returned to MSPB, the board vacated the second ALJ's decision.

The Court of Appeals for the Second Circuit agreed that the agency had met its burden on the issue of possession of cocaine under the substantial evidence standard. Upholding MSPB's decision to vacate the second ALJ's decision and to accept the first ALJ's finding on this issue, the Court of Appeals stated, "Given the presiding official's ability to observe the witnesses' demeanor, her credibility determinations deserve great weight, and are particularly more reliable than the contrary decision of the ALJ who reviewed the same paper record as the Board." *Id.* at 110.

This limitation of the substantial evidence rule applies, however, only in cases in which credibility determinations have an impact upon the MSPB decision. This is made clear in *Jackson v. Veterans Admin-*

---

3. "Although the 'substantial evidence' standard still applies, evidence supporting the MSPB conclusion may be less substantial where the ALJ, who had the opportunity to observe the witnesses and weigh their credibility, reached a different conclusion than the MSPB." *Brief in Support of Plaintiff's Motion for Partial Summary Judgment and in Opposition to Defendant's Mo-*

*tion for Partial Summary Judgment* [doc. 14A] at 4–5. Counsel for the plaintiff stated at oral argument that she meant to state by this that a MSPB decision which is a reversal of an ALJ's initial decision is entitled to less deference from this Court than a MSPB decision in accord with an initial decision.

*istration,* 768 F.2d 1325, 1331 (Fed.Cir. 1985) (footnote omitted):

> The MSPB must afford special deference to the presiding official's findings respecting credibility where the presiding official relies expressly or by necessary implication on the demeanor of the witnesses. On appeal to [a] court, when a finding by the presiding official of this nature has been reversed by the board, [the court] cannot sustain the board's decision unless the board has articulated a sound reason, based on the record, for its contrary evaluation of the testimonial evidence. The board is not free simply to disagree with the presiding official's assessment of credibility.

This does not change the fact that the court reviews the decision of MSPB, not the initial decision of the presiding official. "[T]hat the board's decision differs from the presiding official's does not alter the requirement that we evaluate the *board's final decision* under the substantial evidence standard." *Id.* at 1330 (citations omitted) (emphasis in original).

In *Hale v. Department of Transportation, Federal Aviation Administration,* 772 F.2d 882 (Fed.Cir.1985), MSPB reversed the presiding official's initial determination that the agency had failed to carry its burden of proof that the appealing air traffic controllers had participated in an illegal strike, holding that the presiding official had erred in assessing the sufficiency of certain documentary evidence. The Court of Appeals for the Federal Circuit affirmed MSPB, and expressly distinguished *Jackson, supra:*

> The court [in *Jackson*] reversed the board's decision because the decision of the presiding official was based on the credibility of witnesses, an issue on which the presiding official should be accorded substantial deference. Here, the board's decision not to adopt the presiding official's initial decision was based entirely on a review of documentary evidence, the identical evidence presented to the presiding official and to this court. Where the final decision of the board is based entirely on a question of law, as is this case, there is no basis for according

substantial deference to the presiding official's conclusion.

*Hale, supra,* 772 F.2d at 886. *See also Dunning v. National Aeronautics and Space Administration,* 718 F.2d 1170, 1174 (D.C.Cir.1983) (*per* then-Circuit Judge Scalia): The relevance of a hearing officer's findings depends upon the importance of credibility in the particular case; "[o]n the present issue, credibility is relatively insignificant: the Board was as capable of evaluating the central evidence, the notebooks, as the presiding official."

 Applied to this case, the law reviewed above does not call for any special deference to Administrative Judge Salyer's initial decision. The issue whether these two jobs should have been combined into one competitive level is one governed by regulatory law:

> Each agency shall establish competitive levels consisting of all positions in a competitive area which are in the same grade (or occupational level) and classification series and which are similar enough in duties, qualification requirements, pay schedules, and working conditions so that the incumbent of one position could successfully perform the critical elements of any other position upon entry into it, without any loss of productivity beyond that normally expected in the orientation of any new but fully qualified employee.

5 C.F.R. § 351.403(a), *quoted in Charles A. Kline v. Tennessee Valley Authority,* 46 M.S.P.R. 193 (hereinafter "MSPB decision") at 195–96. Whether two jobs are similar enough, in the respects specified by the regulation, to be in the same competitive level is determined by the position descriptions (PDs) which state the qualifications and duties required by those jobs. *See Estrin v. Social Security Administration,* 24 M.S.P.R. 303, 307 (1984) (citations omitted) ("it is the qualifications set forth in the official position description, not the qualifications of an employee, which determine the composition of the competitive level"). Therefore, the case at bar was properly decided by MSPB if there is substantial evidence drawn from the two PDs,

together with any evidence given to elucidate them or to put them in context, to support MSPB's decision.

It is unnecessary to lengthen this opinion with a detailed statement of the differences between the plaintiff's and Mr. Shaffer's PDs. MSPB has performed this task. MSPB decision at 5–11. A comparison of the initial decision and the MSPB decision shows that Administrative Judge Salyer and MSPB simply disagreed, and that this disagreement was not based upon credibility judgments. The evidence provided by the PDs and elsewhere in the administrative record is enough that, if this were a jury trial, the Court would deny a motion for a directed verdict on the competitive level issue. This being true, the Court is constrained, under the substantial evidence standard, to affirm the MSPB decision on this issue. *Jackson, supra,* 768 F.2d at 1329–30, *quoting National Labor Relations Board v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939).

For the reasons stated, the Court will grant the defendants' motion for partial summary judgment, and deny the plaintiff's.