140 P.3d 970

**John M. RITLAND, M.D.,**
**Plaintiff/Appellant,**

v.

**ARIZONA STATE BOARD OF**
**MEDICAL EXAMINERS,**
**Defendant/Appellee.**

**No. 1 CA–CV 05–0712.**

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 17, 2006.

Gallagher & Kennedy, P.A. By Robert J. Milligan, Brian Schulman and Myers & Jenkins, P.C. By Stephen W. Myers, Phoenix, Attorneys for Plaintiff/Appellant.

Terry Goddard, Arizona Attorney General By Dean E. Brekke, Assistant Attorney General, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

KESSLER, Judge.

¶ 1 In this appeal we address whether an administrative agency is required to adopt an administrative law judge's ("ALJ") findings on witness credibility when the Board renders its final agency decision. We hold that an agency is not bound by an ALJ's credibility findings and may reject them, provided the agency reviews the record and provides factual support for declining to adopt the ALJ's credibility findings.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Defendant–Appellee Arizona State Board of Medical Examiners [1] ("the Board") initiated an investigation of Plaintiff–Appellant John M. Ritland, M.D. ("Ritland") in response to allegations made by complaining witnesses. The Board notified Ritland of the allegations and requested he provide a complete narrative statement in response to the allegations, a complete copy of the pertinent medical record, and any supporting documents. Ritland also appeared before the Board for an investigational interview. The Board issued Amended Interim Findings of Fact, Conclusions of Law and an Order for Summary Restriction of License, taking "emergency action" against Ritland's license to practice medicine pending a formal administrative hearing.

¶ 3 The Board referred the matter to the Office of Administrative Hearings, which conducted a hearing. After the hearing, the ALJ issued a decision, which included findings of fact and conclusions of law. In particular, the ALJ concluded:

> A trier of fact may rely upon the demeanor of witnesses when giving weight to the credibility of witnesses. Based upon the Administrative Law Judge's observation of [Ritland and the witnesses against him] during the hearing and during their respective testimony, the Administrative Law Judge concludes that [the complaining witnesses] were credible.

Based upon his findings of fact and conclusions of law, the ALJ recommended restricting Ritland's license such that he could not treat patients under eighteen years of age or treat female patients outside the presence of a female chaperone, and placing his license on probation for five years.

¶ 4 The Board moved to adopt the ALJ's recommended decision.[2] Ritland requested the Board to reject the ALJ's decision. Specifically, Ritland argued that the ALJ's credibility determination was not supported by the record, and he requested the Board make its own credibility determination of his and the complaining witnesses' testimony.[3] At the Board hearing on the motion, four of the Board members expressed reservation as to the credibility of the complaining witnesses. Counsel for the Board initially advised the Board that, if it were to make findings of fact independent of the ALJ's findings, it should point to evidence in the record to support the independent findings. The Board continued consideration of the motion until the following day, at which time counsel for the Board advised the Board that the ALJ was the finder of fact, and therefore the best course was to adopt the findings of fact as stated by the ALJ.[4]

¶ 5 Accordingly, the Board adopted the findings of fact as stated by the ALJ, with an

---

1. Since the commencement of this action, the Board has changed its official name to the Arizona State Medical Board. Arizona Revised Statutes ("A.R.S.") § 32–1402(A) (Supp.2005).

2. The Board also proposed modifications to the ALJ decision not relevant to this opinion.

3. In support of his argument that the Board should render its own credibility determination, Ritland alleged the ALJ had found all physicians who had come before that ALJ guilty of unprofessional conduct.

4. The Board also discussed Ritland's contention that the Board had the authority to disagree with the ALJ regarding witness credibility. The Board then went into executive session to obtain legal advice and, on returning to the open meeting, refrained from discussing Ritland's argument on this issue.

additional finding that the Board's investigator had acknowledged inconsistencies in the witnesses' accounts. The Board further adopted a conclusion of law stating:

> Because the hearing officer actually saw the witnesses and heard the evidence he is in the best position to determine the facts and may be the only appropriate person to make decisions on credibility of witnesses. *In re Pima County Juvenile Action No. 63212–2*, 129 Ariz. 371, 374, 631 P.2d 526, 529 (1981).

The Board ultimately revoked Ritland's license to practice medicine in Arizona, but stayed revocation and placed Ritland on probation for ten years pursuant to stated conditions.

¶ 6 Ritland moved for review or rehearing, arguing that the Board has the authority to make findings of fact regarding the credibility of witnesses. The Board denied the motion. Ritland filed a complaint for judicial review in the superior court. The court affirmed the Board's decision, specifically finding:

> Given the ALJ's position, having heard all the testimony and evidence and having observed the witnesses, he was in the best position to make a credibility determination. Although there was evidence to the contrary (which Dr. Ritland's counsel pointed out), this Court cannot say that the ALJ's findings were not supported by substantial evidence. The ALJ was within his province as the trier of fact when he found that [the witnesses] were credible based on their demeanor.
>
> A hearing officer should hear the evidence and make findings of fact, but if the Board has the responsibility to make Findings of Fact and Conclusions of Law the Board must independently review the record.
>
> BOMEX had the responsibility to review the matter and make an independent decision. After reviewing the record, this Court finds that BOMEX independently reviewed the evidence and came to its own determinations.... Dr. Hunter, on the second day of BOMEX's review, stated "the Board basically has found that the

evidence presented is credible, and the charges are extremely serious."

(Internal citations omitted). Ritland timely appealed. This Court has jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## ANALYSIS

■ ¶ 7 Ritland contends the Board erred by adopting the ALJ's findings of fact regarding the witnesses' credibility, rather than making its own findings of fact. In reviewing the Board's decision, we are not bound by the superior court's judgment because we review the same record. *M & M Auto Storage Pool, Inc. v. Chemical Waste Mgmt., Inc.*, 164 Ariz. 139, 143, 791 P.2d 665, 669 (App.1990). Like the superior court, we will uphold the Board's decision unless it is "not supported by substantial evidence, is contrary to law, is arbitrary and capricious or is an abuse of discretion." A.R.S. § 12–910(E) (2003). If the Board's decision is supported by the record, there is substantial evidence to support that decision even if the record also supports a different conclusion. *DeGroot v. Arizona Racing Comm'n*, 141 Ariz. 331, 336, 686 P.2d 1301, 1306 (App. 1984). We review the agency's application of law de novo. *Sanderson Lincoln Mercury, Inc. v. Ford Motor Co.*, 205 Ariz. 202, 205, ¶ 8, 68 P.3d 428, 431 (App.2003).

¶ 8 If the Board finds that information gained from an investigation into allegations of unprofessional conduct warrants suspension or revocation of a person's license, it must initiate a hearing before an ALJ. A.R.S. § 32–1451(J) (Supp.2005). Under the Administrative Procedure Act[5] ("APA"), after conducting a hearing, an ALJ must issue a recommended decision containing an explanation of the reasons supporting the recommended decision. A.R.S. § 41–1092.08(A) (2004). The Board may review, accept, or modify the recommended decision. A.R.S. § 41–1092.08(B). It is the Board that ultimately finds a person guilty of unprofessional conduct and enters disposition of the person's license. A.R.S. § 32–1451(M). *See also J.L.F. v. Arizona Health Care Cost Containment Sys.*, 208 Ariz. 159, 161–62, ¶ 12, 91 P.3d 1002, 1004–05 (App.2004) (agency head,

---

5. A.R.S. §§ 41–1001 et seq.

not ALJ, renders final agency decision subject to judicial review); *Smith v. Arizona Long Term Care Sys.*, 207 Ariz. 217, 220, ¶ 15, 84 P.3d 482, 485 (App.2004) (same). If the Board rejects or modifies an ALJ's recommended decision, the APA requires the agency to provide a written justification to the ALJ and the parties setting forth the reasons for so doing. A.R.S. § 41–1092.08(B).

¶ 9 Arizona jurisprudence is less than clear as to the extent to which the Board, as ultimate decision maker, owes deference to an ALJ's credibility findings. In its decision, the Board cited *In re Pima County Juv. Act. No. 63212–2*, 129 Ariz. 371, 374, 631 P.2d 526, 529 (1981), for its contention that the ALJ may be the appropriate person to make decisions on witness credibility. That case does not in fact support the Board's contention. *Juvenile Act. No. 63212–2* involved a juvenile proceeding in which the juvenile court referred the initial finding of delinquency to a referee pursuant to a statute then in effect under Title 8. 129 Ariz. at 372, 631 P.2d at 527. That statutory scheme is distinct from the APA. Significantly, the relationship of the juvenile court to the referee was one of appellate review. *See* H.R. 2227, 33rd Leg., 2d Reg. Sess. § 2 (Ariz.1978). Conversely, the Board is not an appellate body; it is the ultimate decision maker, A.R.S. § 32–1451(M); *J.L.F.*, 208 Ariz. at 161–62, ¶ 12, 91 P.3d at 1004–05; *Smith*, 207 Ariz. at 220, ¶ 15, 84 P.3d at 485. We therefore focus our inquiry on law addressing deference to credibility findings in the context of an agency that is the ultimate decision maker.

¶ 10 Arizona courts have recognized that certain deference is owed to an ALJ's credibility findings. In holding that the credibility findings of an ALJ who replaced another ALJ midway through administrative proceedings was not owed deference on review, this Court discussed the rationale behind deferring to an ALJ's findings of fact on witness credibility:

> [T]he predicate upon which our deference is given to the finder of fact is the assumption that he has indeed had the opportunity to look the witness in the eye and reach a conclusion with respect to his veracity or

lack thereof. If this underpinning of judicial review is withdrawn, the appellate court has been deprived of the assistance which it demands in cases of conflicting evidence. If the administrative decision-maker and this court are both reaching a decision upon the "cold record" the integrity of the legal process not only falters, it fails. In cases of conflicting evidence, meaningful appellate review requires that the conflict be resolved by something more personal than a sterile resort to pages of hearing transcripts.

*Adams v. Indus. Comm'n*, 147 Ariz. 418, 421, 710 P.2d 1073, 1076 (App.1985). Later, in finding a workers' compensation hearing must be conducted by one ALJ, our supreme court similarly addressed the ALJ's role in making findings of fact on credibility:

> The credit to be accorded any testimony involves anything which throws light on the accuracy, truthfulness, and sincerity of the witness. In order to give impartial and complete credence to evidence, the one who decides the issue should be the one who hears the evidence. The belief that a fact finder's only duty is to decide who is truthful and who is not, misses the essence of the role of a judge or jury.
>
> We do not imply that all testimony must be heard "live." In some cases necessity dictates a different approach.

*Ohlmaier v. Indus. Comm'n*, 161 Ariz. 113, 118, 776 P.2d 791, 796 (1989) (internal citation omitted).

¶ 11 These cases involve the role of the ALJ in the context of workers' compensation hearings. Thus, the ALJs' decisions in those cases were the final agency decisions reviewable by the courts. A.R.S. § 23–951(A) (1995). By contrast, as noted above, *supra* ¶ 8, it is the Board that rendered the final reviewable agency decision in this case. A.R.S. § 32–1451(M); *J.L.F.*, 208 Ariz. at 161–62, ¶ 12, 91 P.3d at 1004–05; *Smith*, 207 Ariz. at 220, ¶ 15, 84 P.3d at 485. The statutes governing contested proceedings before the Board create a situation in which the Board will not be present to observe the witnesses in the hearing before the ALJ, but must nonetheless render the final decision, which includes findings of fact. *See* A.R.S.

§§ 32–1451, 41–1092.07, 41–1092.08. It is therefore our task to reconcile the above principles of deference to the trier of fact with the Board's duty and authority to render the final decision.

¶ 12 We hold that, because the Board, and not the ALJ, issues the final administrative decision, the Board is not bound by the ALJ's findings of fact, including those related to credibility. *See Beavers v. Sec'y of Health, Educ. and Welfare,* 577 F.2d 383, 386 (6th Cir.1978); *State of Maryland Comm'n on Human Rel. v. Kaydon Ring & Seal, Inc.,* 149 Md.App. 666, 818 A.2d 259, 275 (2003); *California Youth Auth. v. State Pers. Bd.,* 104 Cal.App.4th 575, 128 Cal.Rptr.2d 514, 523 (2002); *Davis v. North Carolina Dep't of Human Res., O'Berry Ctr.,* 110 N.C.App. 730, 432 S.E.2d 132, 136–37 (1993); *Smith v. Jackson Constr. Co.,* 607 So.2d 1119, 1124–25 (Miss.1992); *Vessey & Co., Inc. v. Agric. Labor Rel. Bd.,* 210 Cal.App.3d 629, 259 Cal. Rptr. 77, 92–93 (1989); *Board of Educ. of Melrose Mun. Sch. v. New Mexico St. Bd. of Educ.,* 106 N.M. 129, 740 P.2d 123, 125 (App. 1987); *Redwood Vill. P'ship, Ltd. v. North Dakota Dep't of Human Svcs.,* 420 N.W.2d 333, 336 (N.D.1988); *Gregory v. Bernardi,* 125 Ill.App.3d 376, 80 Ill.Dec. 706, 465 N.E.2d 1052, 1056–57 (1984); *Schrewe v. Sanders,* 498 S.W.2d 775, 778 (Mo.1973). *See also Universal Camera Corp. v. Nat'l Labor Rel. Bd.,* 340 U.S. 474, 496–97, 71 S.Ct. 456, 95 L.Ed. 456 (under Administrative Procedure Act and Taft–Hartley Act, hearing officer's findings on credibility given same significance as other evidence in the record on judicial review). *But see Gross v. Dep't of Health,* 819 So.2d 997, 1002–03 (Fla.Dist.Ct. App.2002) (credibility of witnesses is sole prerogative of hearing officer); *Blaine v. Moffat County Sch. Dist. Re No. 1,* 748 P.2d 1280, 1288 (Colo.1988) (board may not look outside the four corners of hearing officer's findings of fact for evidentiary basis of decision).[6]

¶ 13 At the same time, we recognize the importance of the ALJ's observation of the demeanor and attitude of the witnesses when rendering findings of fact as to those witnesses' credibility. *See supra* ¶ 10. Such recognition should not escape the Board. While the Board is not *bound* by an ALJ's credibility findings, those findings are entitled to greater weight than other findings of fact more objectively discernible from the record.[7] *See Zoltanski v. Federal Aviation Admin.,* 372 F.3d 1195, 1201 (10th Cir.2004); *Kline v. Tennessee Valley Auth.,* 805 F.Supp. 545, 547–48 (E.D.Tenn.1992); *Zirkle v. Weinberger,* 401 F.Supp. 945, 952 (N.D.W.Va. 1975); *McEwen v. Tennessee Dep't of Safety,* 173 S.W.3d 815, 824–25 (Tenn.App.2005); *Kaydon,* 818 A.2d at 275–76; *Environmental Scientific Corp. v. Durfee,* 621 A.2d 200, 209–10 (R.I.1993).

¶ 14 Thus, while the Board should give deference to the ALJ's credibility findings, it may overrule these findings only if it finds evidence in the record for so doing. *See Zoltanski,* 372 F.3d at 1201; *Kline,* 805 F.Supp. at 548; *Zirkle,* 401 F.Supp. at 952; *Durfee,* 621 A.2d at 209–10. This encompasses the principle that the Board must independently review the administrative record prior to making its findings of fact. *See Stoffel v. Arizona Dep't of Econ. Sec.,* 162 Ariz. 449, 451, 784 P.2d 275, 278 (App.1990). *See also Board of Educ. of Melrose Mun. Sch.,* 740 P.2d at 125 (to reject hearing officer's findings when credibility is at issue, Board at least must review transcript of the hearing pertinent to those findings). In addition, the Board's decision must reflect its factual support for rejecting the ALJ's credibility findings. *See Cavalieri v. Bd. of Trustees of Pub. Employees Ret. Sys.,* 368 N.J.Super. 527, 847 A.2d 592, 596 (2004); *Jones,* 555 N.E.2d at 944.

¶ 15 While a reviewing court should be particularly inclined to scrutinize the

---

6. Neither *Gross* nor *Blaine* is distinguishable in an analytically significant manner. We decline to adopt these holdings because we believe the approach herein articulated reflects a proper balance between the agency head's duty and authority as final administrative decision maker with the ALJ's unique perspective on witness credibility.

7. We recognize that, when conducting a rehearing or review of a decision, the Board may take additional testimony. A.A.C. R4–16–103(E). The Board need not afford greater weight to the ALJ's credibility findings with respect to the witnesses the Board personally observes.

Board's disagreements with an ALJ's credibility findings, *McEwen*, 173 S.W.3d at 823, the standard of judicial review remains: we will not reverse the Board's decision if there is substantial evidence in the record supporting it. *J.L.F.*, 208 Ariz. at 161–62, ¶ 12, 91 P.3d at 1004–05; *Smith*, 207 Ariz. at 220, ¶ 15, 84 P.3d at 485. Thus, if there is substantial evidence in the record to support both the ALJ's finding of credibility and the Board's decision to overrule it, we will uphold the decision of the Board. *DeGroot*, 141 Ariz. at 336, 686 P.2d at 1306. *See also Shrieves*, 641 A.2d at 899 (if sufficient evidence supports both agency's and ALJ's conflicting findings, final agency order must be affirmed). *But see Gross*, 819 So.2d at 1003 (if ALJ's findings and agency's substituted findings are both supported by substantial competent evidence, ALJ's findings must prevail).

¶ 16 In this case, several members of the Board expressed reservation as to the credibility of the complaining witnesses despite the ALJ's finding that the witnesses were credible. These concerns continued into the second day of the Board's hearing on the matter, until counsel for the Board advised the Board that its best course of action was simply to adopt the ALJ's finding of credibility. Upon receiving this advice, the Board adopted the ALJ's finding and inserted a conclusion of law corresponding with counsel's advice. Moreover, the Board's insertion of a finding of fact acknowledging inconsistencies in the witnesses' accounts reflects that, even as the Board adopted the ALJ's credibility finding, it retained doubt as to the credibility of those accounts.[8]

¶ 17 Thus, it is possible the Board adopted the ALJ's credibility finding, not as an independent finding of fact, but under the belief that it was legally bound by that finding. As noted above, the law does not dictate that the Board was bound by the ALJ's credibility finding. Rather, if, based upon the record before it, the Board wished to enter a contrary finding on the complaining witnesses' credibility, it had the authority to do so, provided it could identify evidence in the record to justify that finding. Because the Board's decision may have been founded upon a misconception of law, we vacate that decision and remand this matter to the Board.

## CONCLUSION

¶ 18 As the final decision maker in a contested agency proceeding, an agency has the authority to make independent findings of fact, including credibility findings. It is not bound by an ALJ's credibility findings. The agency must, however, afford an ALJ's credibility findings greater weight than other findings of fact more objectively discernible from the record. An agency may only depart from those findings if substantial evidence supports such departure. This factual support must be cited in the Board's decision. Because the Board's decision may have been based upon a contrary and erroneous understanding of law, we vacate that decision, as well as the superior court's judgment affirming it. We remand the matter to the Board for proceedings consistent with this opinion.[9]

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, and LAWRENCE F. WINTHROP, Judge.

---

8. The superior court found that the Board had found the witnesses' accounts credible after reviewing the record, citing a Board member's statement that the Board had found the evidence presented credible. That comment was made well after the Board had adopted the ALJ's credibility finding based upon the advice of counsel, when the Board discussed the disposition in the matter. The context of the comment indicates the Board member was expressing a belief that the Board was bound by a finding already made, rather than a belief that the witnesses' accounts were in fact credible.

9. Ritland further argues the Board violated his due process rights by restricting him from sexuality counseling and failed to present competent testimony on the standard of care. We address these arguments in a separate memorandum decision, filed simultaneously with this opinion.