NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TERRY LINCOLN, *Plaintiff/Appellant,*

*v.*

STATE OF ARIZONA; ROBERT HALLIDAY, *Defendants/Appellees.*

No. 1 CA-CV 15-0370
FILED 5-19-2016

Appeal from the Superior Court in Maricopa County
No.  LC 2014-000386-001
The Honorable Crane McClennen, Judge

**VACATED AND REMANDED**

COUNSEL

Yen Pilch & Landeen PC, Phoenix
By Neil Landeen, Michael Pang
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michelle Kunzman
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court,
in which Judge Kent E. Cattani and Judge Donn Kessler joined.

**D O W N I E**, Judge:

**¶1** Terry Lincoln challenges the superior court's ruling affirming a decision by Robert Halliday, former Director of the Arizona Department of Public Safety ("DPS"), to terminate her employment. For the following reasons, we vacate the superior court's order and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

**¶2** Lincoln was employed as a sergeant with DPS. In August 2013, she was terminated for inefficiency,[1] dishonesty, and "[c]onduct adverse to the department." *See* Ariz. Rev. Stat. ("A.R.S.") § 41-1830.15(A)(3), (6), (16); Ariz. Admin. Code ("A.A.C.") R13-5-702(B).

**¶3** The termination decision stemmed from events occurring in Lincoln's personal life. In May 2011, Lincoln's sister-in-law filed a complaint with the Payson Police Department alleging that Lincoln and her husband had improperly persuaded Lincoln's mother-in-law and an elderly family friend, Jack Monschein, to transfer assets to the Lincolns in violation of A.R.S. § 13-1802(B).[2] Specifically, the sister-in-law alleged that: (1) Lincoln convinced Monschein to make her a beneficiary of his life insurance; and (2) Lincoln's husband convinced his mother to quitclaim property to himself and Lincoln. In connection with these allegations, Lincoln was served with an order of protection naming her mother-in-law and sister-in-law as protected parties. Although the Payson Police Department referred the case to the Gila County Attorney and the Attorney General, the record does not indicate that any charges were filed against Lincoln.

---

[1] Inefficiency "means the failure to produce as required for reasons other than incompetency." Ariz. Rev. Stat. § 41-1830.15(B)(2).

[2] Section 13-1802(B) provides that a person "commits theft if, without lawful authority, the person knowingly takes control, title, use or management of a vulnerable adult's property while acting in a position of trust and confidence and with the intent to deprive the vulnerable adult of the property." Vulnerable adult means "an individual who is eighteen years of age or older and who is unable to protect himself from abuse, neglect or exploitation by others because of a physical or mental impairment." A.R.S. § 46-451(A)(9).

¶4        After learning of the above-referenced events, DPS opened an internal investigation.  DPS thereafter terminated Lincoln, concluding that she: (1) failed to notify her supervisor of the order of protection; (2) influenced Monschein to name her as a beneficiary, then lied about this fact; (3) made conflicting statements during the investigation about whether she knew her mother-in-law planned to quitclaim property to her and her husband; and (4) brought discredit to DPS.

¶5        Lincoln appealed her termination to the Law Enforcement Merit System Council ("Council").  *See* A.R.S. § 41-1830.12(A)(4), (D).  The Council conducted an evidentiary hearing and issued a decision recommending that the termination decision be reversed.  *See id.* at (D); A.A.C. R13-5-703(E), (U).  The Council concluded that DPS had failed to prove the allegations of dishonesty and conduct adverse to the agency by a preponderance of the evidence.  Finding that the failure to notify allegation *was* supported by the evidence, the Council recommended that Lincoln's discipline be reduced to a letter of reprimand.

¶6        The Director rejected the Council's recommendation as "arbitrary and without reasonable cause" and terminated Lincoln.  *See* A.R.S. § 41-1830.13(A).  Lincoln appealed, and the superior court affirmed.  *See* A.R.S. §§ 12-904, 41-1830.13(B).  This timely appeal followed.  We have jurisdiction pursuant to A.R.S. § 12-913.[3]

## DISCUSSION

¶7        In reviewing the superior court's decision, we consider the same question addressed by that court: whether the Director erred by rejecting the Council's determination as arbitrary or without reasonable cause.  *See* A.R.S. § 12-910(E).  As we discuss *supra*, the Director's review is materially limited by statute.

### I.        The Council's Recommendation

¶8        Pursuant to A.R.S. § 41-1830.12, the Council was first required to determine whether DPS had proven the material facts supporting Lincoln's termination by a preponderance of the evidence.  *See* A.R.S.

---

[3]        Although A.R.S. § 12-913 authorizes appeals to the "supreme court," we have interpreted this statute as permitting appeals to this Court.  *See Svendsen v. Ariz. Dep't of Transp., Motor Vehicle Div.*, 234 Ariz. 528, 533, ¶ 13 (App. 2014).

§ 41-1830.12(D)(1) (Council shall "determine whether the employing agency has proven by a preponderance of the evidence the material facts on which the discipline was based."[4]); *see also* A.A.C. R13–5–703(E) (Council "shall determine whether the cause for the disciplinary action is supported by law and the evidence."). Upon a finding that DPS had not carried its burden of proof, the Council was authorized to "recommend a proposed disciplinary action in light of the facts proven." A.R.S. § 41-1830.12(E). As our supreme court has observed, the preponderance of the evidence standard serves an important purpose in the merit system:

> Requiring the employer to establish the alleged grounds for discipline by a preponderance of the evidence is consistent with basic merit system principles because it ensures the employee that any discipline imposed is based not on mere allegations by the employer, but on facts found more likely than not to be true by a neutral fact-finder. The Council is not bound by the facts asserted by the employer, but is required to independently find the facts warranting discipline.

*Pima Cty. v. Pima Cty. Law Enf't Merit Sys. Council (Harvey)*, 211 Ariz. 224, 228, ¶ 21 (2005).

**¶9** The Council's findings of fact reflect that it properly applied the standard of review set forth in A.R.S. § 41-1830.12. Weighing the evidence presented at the hearing, the Council concluded:

- There is no credible and reliable evidence that Sergeant Lincoln submitted undue influence on Mr. Monschein to change his life insurance policy.

- There is no reliable and credible evidence Sergeant Lincoln was dishonest in her responses to DPS or Payson Police Department investigators.

    . . .

- There are no credible or reliable witnesses or evidence to dispute Sergeant Lincoln's claim.

---

[4] Our analysis is based on the statutory scheme in effect at the time of Lincoln's termination. The relevant statutes have since been amended. *See* H.B. 2377, 52nd Leg., 1st Reg. Sess. (Ariz. 2015).

. . .

- There is no evidence of misconduct on or off the job by Sergeant Lincoln that would bring discredit upon DPS.

**¶10**        Based on its findings, the Council concluded DPS had not proven the material facts supporting the charges of dishonesty and conduct adverse to the agency by a preponderance of the evidence.  It further concluded DPS had proven the failure to notify charge by a preponderance of the evidence.[5]  Because it determined termination was "excessive" as to that one charge, the Council recommended reversal of the termination decision, with Lincoln receiving a letter of reprimand and back pay.

## II.        The Director's Decision

**¶11**        The Director had the statutory authority to review the Council's recommendation.  *See* A.R.S. § 41-1830.12(A)(4).  His review, though, was limited by A.R.S. § 41-1830.13(A), which mandated at the time that he "accept the council's recommendation unless the recommendation is arbitrary or without reasonable justification."[6]  An "arbitrary action" has been defined as "unreasoning action, without consideration and in disregard of the facts and circumstances."  *Pima Cty. v. Pima Cty. Merit Sys. Comm'n (Mathis)*, 189 Ariz. 566, 568 (App. 1997).  "A decision is not arbitrary

---

[5]        Lincoln admitted that she had not informed her supervisor of the order of protection.

[6]        DPS's reliance on *Ritland v. Arizona State Board of Medical Examiners*, 213 Ariz. 187 (App. 2006), is misplaced.  *Ritland* dealt with an appeal from the Arizona Medical Board's decision to revoke a physician's license.  *Id*. at 189, ¶ 5.  Pursuant to A.R.S. § 32-1451(J) and (M), the Board could institute formal proceedings against a licensed physician and impose disciplinary action.  *See* 213 Ariz. at 189, ¶ 8.  Neither the Medical Practice Act, A.R.S. §§ 32-1401 to -1491, nor A.R.S. § 41-1092.08 (which applied to such proceedings) limited the Board's authority to review and disagree with the recommendation of a hearing officer except to require written justification for such disagreement.  *See* 213 Ariz. at 189, ¶ 8.  Section 41-1830.13(A) is materially different.  It limits the Director's authority to reject the Council's recommendation solely on the basis that the recommendation was arbitrary or without reasonable justification.  Thus, our holding in *Ritland* that the Board could reject the ALJ's recommendation if it reviewed the record and found factual support for declining to adopt the ALJ's credibility findings, 213 Ariz. at 188, ¶ 1, has no application here.  Nor does our record establish that the Director independently reviewed the Council's proceedings.

and capricious if it is exercised honestly upon due consideration for facts and circumstances, even though there may be room for diverse opinions and it is believed that an erroneous conclusion has been reached." *Evans v. State ex rel. Ariz. Corp. Comm'n*, 131 Ariz. 569, 574 (App. 1982). This Court has defined "without reasonable cause," a phrase similar to "without reasonable justification," to mean a "lack of evidence sufficiently strong to justify a reasonable person in the belief that the acts charged are true." *Maricopa Cty. Sheriff's Office v. Maricopa Cty Emp. Merit Sys. Comm'n (Juarez)*, 211 Ariz. 219, 222, ¶ 14 (2005).

**¶12**        The record does not support the Director's conclusion that the Council's decision was arbitrary or without reasonable cause. Instead, it reveals differing positions regarding a family dispute about the transfer of assets. DPS and Lincoln presented conflicting evidence at the Council hearing. The Council's role as the neutral fact-finder was to weigh that evidence and determine the credibility of the witnesses. *See Harvey*, 211 Ariz. at 228, ¶ 21 (describing the role of a merit system council as a "neutral fact-finder"); *Mathis*, 189 Ariz. at 568 (quasi-judicial body determines credibility of witnesses, reconciles conflicting evidence, and weighs sufficiency of the evidence).

**¶13**        DPS charged Lincoln with "dishonesty" — alleging that she denied proposing the change in Monschein's life insurance beneficiary and made conflicting statements about whether she knew her mother-in-law was planning to quitclaim property to herself and her husband. The Council, however, found that "[w]itness statements, including those of Dr. David Glow MD and Attorney Doris Wait, indicated that Mr. Jack Monschein was not mentally incapacitated when he changed his $10,000 Life Insurance Policy to name Terry Lincoln as his beneficiary." In addition, the Council accepted Lincoln's testimony that she was not present when a notary declined to execute documents based on her mother-in-law's condition.[7]

**¶14**        DPS also charged Lincoln with "conduct adverse to the department" — alleging that the Payson Police Department's investigation

---

[7]        As part of its investigation, DPS interviewed Lincoln for 16 hours and administered a polygraph examination. The Director considered the polygraph results in terminating Lincoln. However, at the Council hearing, the deputy director testified there was sufficient evidence supporting Lincoln's termination without the polygraph results.

of Lincoln "brought discredit" to the agency.[8]   Based on the hearing evidence, the Council found "no evidence of misconduct on or off the job by Sergeant Lincoln that would bring discredit upon DPS."   The Council further found that the police department's investigation "was the result of dubious claims made by [Lincoln's sister-in-law]" and that "DPS ignored the obvious bias and misinformation in the Payson Police Department reports, statements from several witnesses and omissions of several witnesses who would be favorable to Sergeant Lincoln."   The Council also noted that neither the Gila County Attorney nor the Attorney General had filed charges and concluded they "are unlikely to do so."

**¶15**        "[M]erit systems embrace the notion that hiring, retention, and dismissal of public employees should be based on the employees' merit and competence . . . ."   *Harvey*, 211 Ariz. at 227, ¶ 14.   Although there is room for differing opinions about the facts uncovered in the internal investigation, the record establishes that the Council made its findings and recommendation "honestly upon due consideration for facts and circumstances." *Evans*, 131 Ariz. at 574.   Because the Council's decision was not arbitrary or without reasonable justification, the Director abused his discretion by rejecting it.   *Cf. Berndt v. Ariz. Dep't of Corr.*, 238 Ariz. 524, ¶ 2 (App. 2015) (Employing agency may "amend, modify, reject, or reverse the Board's decision only upon a finding that it is arbitrary and capricious").   Having determined that the Director erred by rejecting the Council's recommendation, we need not address Lincoln's constitutional arguments. *See Freeport McMoRan Corp. v. Langley Eden Farms, LLC*, 228 Ariz. 474, 478, ¶ 15 (App. 2011) (Appellate courts "do not issue advisory opinions or decide unnecessary issues.").

**CONCLUSION**

**¶16**        We vacate the order of the superior court and remand for entry of an order reinstating Lincoln and for further action under A.R.S. § 38-1107(C).[9]   Lincoln requests an award of attorneys' fees and costs on

---

[8]     It does not appear that the Director specifically disagreed with the Council's findings regarding this allegation.

[9]     Section 38-1107(C) states:

> If the superior court finds that just cause for a demotion or termination did not exist, the court shall order the officer reinstated to the officer's previous position with the law enforcement agency and may award to the law enforcement

appeal.    Pursuant  to  A.R.S.  §  12-348(A)(2),  we  will  award  Lincoln reasonable attorneys' fees and costs upon compliance with Arizona Rule of Civil Appellate Procedure 21(b).



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

officer monetary damages that shall not exceed the officer's combined total of wages and benefits during the period of imposed disciplinary action that was lost as a result of the demotion or termination.