NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ALICE JUNE MINCH, *Plaintiff/Appellant*,

*v.*

ARIZONA STATE BOARD OF NURSING, *Defendant/Appellee*.

No. 1 CA-CV 16-0152
FILED 5-16-17

Appeal from the Superior Court in Maricopa County
No. LC2015-000195-001
The Honorable Crane McClennen, Judge *Retired*

**AFFIRMED**

COUNSEL

Alice June Minch, Sun City
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Elizabeth A. Campbell
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1            Alice Minch appeals the superior court's order affirming the decision of the Arizona State Board of Nursing (the Board) to place her registered nurse license on probation.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2            In January 2011, Minch was offered a position as a seasonal nurse at Yuma Regional Medical Center (YRMC), and she moved into hospital-provided housing at a nearby apartment complex.  Soon thereafter, Minch became involved in disputes with several other residents at the complex; these disputes quickly escalated, involving other YRMC employees and the Yuma Police Department.  Then, in August 2011, Minch posted on a nurse-recruiting website an account of a nurse who was sexually assaulted in YRMC housing.  Minch claimed to have first-hand knowledge of the crime; however, the posting was based on a June 1992 Yuma Police Department report.  The victim identified in the report was abducted from a grocery store parking lot and had been living in YRMC housing, but the posting was false in other pertinent respects.

¶3            In September 2011, the Board received a complaint from YRMC's general counsel alleging there was evidence Minch was guilty of unprofessional conduct, specifically, that she was "mentally incompetent or physically unsafe to a degree that is or might be harmful or dangerous to the health of a patient or the public."  Ariz. Rev. Stat. (A.R.S.) § 32-1601(24)(e) (2016).  The Board investigated the complaint and issued an Interim Order requiring Minch to submit to a psychological evaluation with Dr. Phillip Lett.  *See* A.R.S. § 32-1664(F) (2017).[1]  Thereafter, the Board

---

[1]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

determined reasonable grounds supported the complaint and requested a hearing with the Office of Administrative Hearings. *See* A.R.S. § 32-1664(I).

¶4 During a four-day hearing, Administrative Law Judge (ALJ) Brian Tully received evidence and heard testimony from twelve witnesses, including Minch and Dr. Lett. Following the hearing, the matter was reassigned to ALJ Michael Douglas, who issued findings of fact and conclusions of law in a recommended decision. *See* A.R.S. § 41-1092.08(A) (2017). After considering ALJ Douglas's recommended decision and the administrative record, the Board adopted his findings of fact and conclusions of law. *See* A.R.S. § 41-1092.08(B). The Board placed Minch's license on probation for one year, subject to certain terms and conditions. *See* A.R.S. § 32-1664(O); *see also* A.R.S. § 32-1663(D) (2017). Minch then unsuccessfully sought a rehearing, *see* A.R.S. § 41-1092.09 (2017); *see also* A.R.S. § 32-1665 (2017), and, ultimately, review by the superior court. The superior court affirmed, and Minch timely appealed to this Court. We have jurisdiction pursuant to A.R.S. § 12-913 (2017). *Svendsen v. Ariz. Dep't of Transp.,* 234 Ariz. 528, 533, ¶ 13 (App. 2014) (construing § 12-913 as allowing appeal to court of appeals).

## DISCUSSION

¶5 In reviewing a decision upholding the decision of an administrative agency, we review whether the agency's determination is contrary to law, arbitrary and capricious, or an abuse of discretion. A.R.S. § 12-910(E) (2017); *Stant v. City of Maricopa Emp. Merit Bd.*, 234 Ariz. 196, 201, ¶ 14-15 (App. 2014). We view the facts in the light most favorable to upholding the agency's decision. *Shorey v. Ariz. Corp. Comm'n*, 238 Ariz. 253, 258, ¶ 14-15 (App. 2015). We will not re-weigh conflicting evidence and will affirm if the decision is supported by substantial evidence. *DeGroot v. Ariz. Racing Comm'n*, 141 Ariz. 331, 335-36 (App. 1984). We give deference to the agency's resolution of issues that draw on "the accumulated experience and expertise of its members." *Croft v. Ariz. State Bd. of Dental Exam'rs*, 157 Ariz. 203, 208 (App. 1988). We review questions of law *de novo*. *Comm. for Justice & Fairness v. Ariz. Sec'y of State's Office*, 235 Ariz. 347, 351, ¶ 17 (App. 2014).

### A. Jurisdiction

¶6 Minch argues the Board does not have jurisdiction to discipline her for conduct that occurred outside of her employment as a nurse.

¶7        Administrative decisions that reach beyond an agency's statutory power are void. *Ariz. Bd. of Regents for & on Behalf of Univ. of Ariz. v. State ex rel. State of Ariz. Pub. Safety Ret. Fund Manager Adm'r*, 160 Ariz. 150, 156-57 (App. 1989). We review *de novo* the issue of subject matter jurisdiction. *TWE Ret. Fund Trust v. Ream*, 198 Ariz. 268, 271, ¶ 11 (App. 2000).

¶8        There is no support for Minch's suggestion that the Board's disciplinary jurisdiction extends only to her on-duty conduct.[2] The legislature has given the Board authority to act where a licensee is found to have committed an act of unprofessional conduct. A.R.S. § 32-1664(O); *see also* A.R.S. § 32-1663 (2017). The legislature has defined unprofessional conduct to include, "whether occurring in this state or elsewhere: . . . *[b]eing* mentally incompetent or physically unsafe *to a degree that is or might be* harmful or dangerous to the health of a patient or the public." A.R.S. § 32-1601(24)(e) (2016) (emphasis added). We cannot rewrite the definition of unprofessional conduct under the guise of judicial interpretation. *See New Sun Bus. Park, LLC v. Yuma Cty.*, 221 Ariz. 43, 47, ¶ 16 (App. 2009) (quoting *State v. Patchin*, 125 Ariz. 501, 502 (App. 1980)); *see also City of Phx. v. Butler*, 110 Ariz. 160, 162 (1973) (explaining that the choice of appropriate wording rests with the legislature). The Board properly had, and exercised, its jurisdiction here.

### B.        Due Process

¶9        Minch argues she was denied due process because the ALJ who presided over the case did not draft the recommended decision.

¶10        A professional licensee maintains a property interest in her license, and the State must afford due process before curtailing that right. *Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 106, ¶¶ 18–19 (App. 1999). Due process is not a static concept, but generally requires "notice

---

[2]        The Arizona case on which Minch relies is inapposite. *See Murphy v. Bd. of Med. Exam'rs,* 190 Ariz. 441, 446-47 (App. 1997) (holding that medical board had jurisdiction to review medical decisions made by a licensee working as the medical director for an insurance company). Similarly, the out-of-state cases she cites are distinguishable. *See David N. v. St. Mary's Cty. Dep't of Soc. Servs.,* 16 A.3d 991 (Md. App. 2011) (discussing whether a local department of social services was authorized to investigate a report of suspected abuse or neglect in Maryland of a child who lived outside the state); *State v. Groff,* 409 So. 2d 44 (Fla. App. 1981) (discussing whether psychiatrist was a mandatory reporter under Florida statute).

and an opportunity to be heard" in a meaningful manner and at a meaningful time. *Id.* ¶ 20 (citation omitted). The party asserting a denial of due process must show prejudice. *Cty. of La Paz v. Yakima Compost Co.*, 224 Ariz. 590, 598, ¶ 12 (App. 2010); *Brown v. Ariz. Dep't of Real Estate*, 181 Ariz. 320, 324 (App. 1995). We review constitutional issues, including an alleged denial of due process, *de novo. Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014); *Carlson v. Ariz. State Pers. Bd.*, 214 Ariz. 426, 430, ¶ 13 (App. 2007).

**¶11**      Minch had a meaningful opportunity to be heard. She offered evidence and confronted adverse witnesses in the administrative hearing before ALJ Tully. *See Gaveck v. Ariz. State* Bd. *of Podiatry Exam'rs*, 222 Ariz. 433, 437, ¶ 14 (App. 2009). Although ALJ Douglas did not conduct the hearing, he had the benefit of all the documentary evidence, plus the recorded testimony, *see* A.R.S. § 41-1092.07(E) (2017), and his detailed findings of fact clearly demonstrate his knowledge of the complete record.

**¶12**      Moreover, Minch has not shown any prejudice. She relies on *Adams v. Industrial Commission,* but that case discussed a substituted ALJ's decision to rescind a workers' compensation award. 147 Ariz. 418 (App. 1985). In that context, the ALJ's decision constituted the final agency decision reviewable by the superior court; here, though, the Board is the "ultimate decision maker." *See Ritland v. Ariz. State Bd. of Med. Exam'rs,* 213 Ariz. 187, 190, ¶ 9 (App. 2006); *see* A.R.S. § 41-1092.08(B). The Board does not observe the witnesses, but it renders a final decision, including findings of fact on credibility, based on an independent review of the record.[3] *See Ritland,* 213 Ariz. at 190-91, ¶¶ 10-12, 14; *see also Pine-Strawberry Improvement Ass'n v. Ariz. Corp. Comm'n,* 152 Ariz. 339, 340 (App. 1986). We will not reverse the Board's decision if there is substantial evidence in the record supporting it. *See Ritland,* 213 Ariz. at 191, ¶ 15. Substantial evidence supports the Board's decision.[4]

---

[3]      On this basis, Minch's reliance on *Bradford v. Foundation & Marine Construction Co.* is misplaced. 182 So. 2d 447 (Fla. App. 1966) (holding that a successor judge may not render a judgment without a trial *de novo*).

[4]      Minch raised this issue before the Board, which could have rejected or modified the recommended decision or granted her request for rehearing. *See* A.R.S. §§ 41-1092.08(B), -1092.09; *see also* A.A.C. R4-19-608(B)(1), (C) (2017); *compare Ritland,* 213 Ariz. at 192, ¶ 16 (several members of the medical board expressed reservations about credibility of witnesses despite ALJ's finding the witnesses were credible).

## CONCLUSION

¶13      Because Minch has not shown the Board erred in placing her license on probation, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:     JT