NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TAYLOR E. BARLOW, *Plaintiff/Appellant,*

*v.*

ARIZONA PEACE OFFICER STANDARDS AND TRAINING BOARD,
*Defendant/Appellee.*

No. 1 CA-CV 19-0378
FILED 3-17-2020

Appeal from the Superior Court in Maricopa County
No. LC2018-000318-001
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

The Barlow Law Firm LLC, Fredonia
By Matthew I. Barlow
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Seth Hargraves, Michael Raine
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Diane M. Johnsen[1] joined.

---

**H O W E**, Judge:

¶1　　　　Taylor E. Barlow challenges the superior court's order affirming the decision of the Arizona Peace Officer Standards and Training Board ("POST") denying him certification as a peace officer in Arizona. Because he has shown no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2　　　　In late 2016, while Barlow was an officer with the Colorado City Marshal's Office in Utah, he applied to POST for certification as a peace officer in Arizona. He disclosed the following in his application:

- In 2008, he had purchased marijuana in Utah, transported it to Arizona, and sold it;

- In 2007, he was present when friends took a water truck, followed the water truck in another vehicle as the friends drove off with it, and was cited for being a minor in possession and consumption of alcohol; and

- He was involved in a burglary as a juvenile in 2004.

After reviewing the application, POST informed the Marshal's Office he did not meet the minimum qualifications for appointment under Arizona law, citing these three incidents.

---

[1]　　　Judge Johnsen was a sitting member of this Court when the matter was assigned to this panel of the Court. She retired effective February 28, 2020. In accordance with the authority granted by Article VI, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12–145, Chief Justice of the Arizona Supreme Court has designated Judge Johnsen as a judge *pro tempore* in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during her term in office.

¶3 The Marshal's Office withdrew the application. At about the same time, Barlow emailed POST with more information on the marijuana sale:

> When I was 18 my friend . . . and I were in Salt Lake City, Utah. Neither of us had ever tried marijuana and we decided to experiment with it . . . . We lived in Arizona so during the drive home [we] discussed that maybe we shouldn't try it after all. Upon arriving at home we came to the conclusion to not experiment . . . . We then discussed how to dispose of the marijuana . . . . Our discussion was overheard by my co-renter . . . . [He] told us that he wanted the marijuana and . . . that we should sell it to him. We agreed to his offer, and although I don't remember receiving any money I was still involved in the action.

¶4 In mid-2017, Barlow filed a second application and again disclosed these three incidents. The Marshal's Office also wrote on his behalf to ask POST to excuse the three incidents under the "juvenile indiscretion" exception of Arizona Administrative Code ("A.A.C.") R13–4–105(D). POST instead determined the three incidents disqualified Barlow from serving as a peace officer in Arizona under A.A.C. R13–4–109(A)(1), (5), (7), and (12).

¶5 Following an administrative hearing, the administrative law judge ("ALJ") determined (1) the burglary and criminal damage incidents could be excused as "juvenile indiscretion" under A.A.C. R13–4–105(D), (2) the marijuana possession could be excused as "experimental" under R13–4–105(C), but (3) the sale of the same marijuana was a proper basis to deny certification. On that basis, the ALJ concluded POST "may, but is not required to, deny [Barlow's] application for certification[.]"

¶6 POST adopted the ALJ's findings of fact and conclusions of law and denied Barlow's second application. Barlow appealed that decision to the superior court under A.R.S. § 12–904(A). The court affirmed, noting that Barlow admitted "on several occasions" to selling the marijuana and concluding the sale was "an automatic bar to certification." Barlow timely appealed.

## DISCUSSION

¶7        On appeal from a superior court's review of an administrative action, the question is whether substantial evidence supported the administrative action and whether it was arbitrary, capricious, or an abuse of discretion. *Griffin Found. v. Ariz. State Ret. Sys.*, 244 Ariz. 508, 515 ¶ 17 (App. 2018). We do not independently weigh the evidence. *Havasu Heights Ranch and Dev. Corp. v. Desert Valley Wood Prods., Inc.*, 167 Ariz. 383, 387 (App. 1990). We review de novo questions of law, including questions of statutory or regulatory interpretation. *Carlson v. Ariz. State Pers. Bd.*, 214 Ariz. 426, 430 ¶ 13 (App. 2007).

### 1. POST Could Deny Certification Based on Barlow's Admitted Marijuana Sale.

¶8        POST may deny certification if an applicant does not "satisfy a minimum qualification for appointment listed in R13–4–105[.]" A.A.C. R13–4–109(A)(1). Those minimum qualifications include "[n]ot hav[ing] illegally possessed, produced, cultivated, or transported marijuana for sale or sold marijuana[.]" A.A.C. R13–4–105(A)(9).[2]

¶9        Barlow stated in his applications and at the administrative hearing that the marijuana sale took place in 2008 when he was 18 years old. He contends POST abused its discretion by not considering whether the sale fit within the regulatory "experimentation" or "juvenile indiscretion" exceptions. R13–4–105(C) allows an agency head who wishes to appoint an individual whose illegal possession or use of marijuana or a dangerous drug or narcotic is "presumed to be not for experimentation" to petition POST for a determination that the use was for experimentation. A.A.C. R13–4–105(C). And the "juvenile indiscretion" exception of R13–4–105(D) allows agency heads to petition POST to excuse otherwise disqualifying conduct if:

> The conduct occurred when the individual was less than age of 18;

---

[2]        At oral argument in this Court, Barlow contended that POST could have waived any of the minimum qualifications of A.A.C. R13–4–105 under A.A.C. R13–4–103(G). Because Barlow raises this argument for the first time at oral argument on appeal, we cannot consider it. *See Mitchell v. Gamble*, 207 Ariz. 364, 369–70 ¶ 16 (App. 2004) (issues and arguments raised for the first time at oral argument on appeal are untimely and deemed waived).

The conduct occurred more than 10 years before application for appointment;

The individual has consistently exhibited responsible, law-abiding behavior between the time of the conduct and application for appointment;

There is reason to believe that the individual's immaturity at the time of the conduct contributed substantially to the conduct;

There is evidence that the individual's maturity at the time of application makes reoccurrence of the conduct unlikely; *and*

The conduct was not so egregious that public trust in the law enforcement profession would be jeopardized if the individual is certified.

A.A.C. R13–4–105(D)(2) (emphasis added). In interpreting regulations, we look to their plain language as the most reliable indicator of meaning. *Home Depot USA, Inc. v. Ariz. Dept. of Revenue*, 230 Ariz. 498, 501 ¶ 10 (App. 2012). We give the words and phrases used their ordinary meanings unless the context indicates otherwise. *Samaritan Health Servs. v. Ariz. Health Care Cost Containment Sys. Admin.*, 178 Ariz. 534, 537–38 (App. 1994).

¶10 Neither the "experimentation" nor the "juvenile indiscretion" exception applies to the marijuana sale. The "experimentation" exception reaches only instances of "possession or use" that are "presumed to be not for experimentation." A.A.C. R13–4–105(B), (C). At issue here is Barlow's admission that he sold marijuana, not that he simply possessed or used marijuana. And the sale failed under at least two of the "juvenile indiscretion" exception elements: (1) it took place less than ten years before Barlow submitted his application and (2) it took place when he was 18 years of age. A.A.C. R13–4–105(D)(2)(a), (b).

¶11 Barlow contends POST intentionally misled the Marshal's Office by telling it that "there are no provisions within the Arizona Administrative Code" to address the three incidents "by petition or qualifying the behaviors as 'juvenile indiscretion,'" which he contends led the Marshal's Office to not file petitions under either R13–4–105(C) or (D). As noted above, the Marshal's Office asked POST to consider R13–4–105(D) in connection with the second application. In any event, as we have held, given Barlow's admitted marijuana sale, neither R13–4–105(C) nor (D) allowed POST to grant the certification.

## 2. Substantial Evidence Supported POST's Decision.

**¶12**  Barlow also contends that substantial evidence did not support POST's decision, citing the ALJ's statement that "[i]f the Board determines that Mr. Barlow did prove by a preponderance of the evidence that he did not sell the marijuana, it would be reasonable to afford Colorado City the opportunity to submit the required petition." Substantial evidence exists if the record supports the decision even if contrary evidence also exists. *Wassef v. Ariz. State Bd. of Dental Exam'rs through Hugunin*, 242 Ariz. 90, 93 ¶ 11 (App. 2017). We will reverse only if the decision lacks any supporting evidence or is directly contrary to uncontradicted evidence upon which it purports to rest. *Ariz. Dep't. of Pub. Safety v. Dowd*, 117 Ariz. 423, 426 (App. 1977).

**¶13**  Substantial evidence is present here because Barlow admitted to the marijuana sale in both applications and at the administrative hearing. While he also stated he did not recall receiving any money, the ALJ found that statement not credible. We do not independently weigh conflicting evidence on appeal from an administrative agency decision. *See Richard E. Lambert, Ltd. v. City of Tucson Dep't. of Procurement*, 223 Ariz. 184, 187 ¶ 10 (App. 2009).

**¶14**  Barlow also challenges POST's decision to adopt the ALJ's fact findings without "conduct[ing] further investigation." While POST is not bound by the ALJ's findings, it may accept them. *Ritland v. Ariz. State Bd. Of Med. Exam'rs*, 213 Ariz. 187, 192 ¶ 18 (App. 2006). Barlow cites no authority suggesting POST must conduct further investigation following an administrative hearing even if the ALJ thinks it may be warranted.

## CONCLUSION

**¶15**  For the foregoing reasons, we affirm. As the prevailing party, POST may recover its taxable costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA