**Barry L. HALE and Judson B. Hudson, Petitioners,**

v.

**DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION, Respondent.**

**Appeal No. 85–1139.**

United States Court of Appeals, Federal Circuit.

Sept. 12, 1985.

---

Robert M. White, White & Selkin, Norfolk, Va., argued for petitioners. With him on brief was Neil C. Bonney, Norfolk, Va.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Sandra P. Spooner, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent.

Diane R. Liff, Office of Gen. Counsel, Dept. of Transp., Washington, D.C., of counsel.

RICH, Circuit Judge.

This appeal is from the October 24, 1984, 24 M.S.P.R. 1, final split decision of the Merit Systems Protection Board (board),

Nos. PH075281F0855 (Hale) and PH075281F0858 (Hudson), reversing the initial decision of the presiding official and sustaining the decision of the Federal Aviation Administration (agency) to remove petitioners Hale and Hudson (petitioners) from their positions as air traffic controllers, based on charges of participation in a strike against the federal government and unauthorized absence. We affirm.

## Background

Petitioners were removed from their positions as air traffic controllers at the agency's Norfolk, Virginia, Control Center (Norfolk Tower) based on charges of participating in the illegal nationwide strike of August, 1981, by members of the Professional Air Traffic Controllers Organization (PATCO), and for being absent without leave (AWOL) from August 3–6, 1981. On May 28, 1982, the board took official notice that a nationwide strike by air traffic controllers took place from August 3–6, 1981, basing its conclusions on "common knowledge," "media coverage," "statements by PATCO officials," and "numerous findings by Federal district courts in injunctive proceedings." *Ketchem v. Department of Transportation*, 10 MSPB 557, 12 M.S.P.R. 1 (1982).

At petitioners' hearing, the presiding official, Suanne S. Strauss, imposed sanctions on the agency for its failure to produce the Norfolk Tower chief for deposition and its failure to provide the presiding official with an updated witness list. The sanctions imposed included not allowing the Norfolk Tower chief to testify and precluded the agency from presenting any witness who could authenticate the documentary evidence it submitted to sustain its charges. The record is unclear as to just how this unfortunate situation was allowed to develop. The agency was thus obliged to rely entirely on this documentary evidence in the form of watch schedules, personnel logs, and time and attendance (T and A) reports to prove its case. Petitioners, represented by counsel, elected not to testify at their hearing before the presiding official, and moved for a directed verdict at the close of the agency's case. That motion was denied by the presiding official.

## The Presiding Official's Opinion

The presiding official found that the "circumstantial evidence of [petitioners'] absence from work coupled with the Board's official notice taking of the existence of a nationwide strike" constituted a prima facie case against each petitioner on the striking charge. However, after evaluating the documentary material submitted by the agency, which she characterized as "unsigned, undated and unexplained," the presiding official concluded that "the agency failed to establish the charges by its statutory burden of a preponderance of the evidence." Her conclusion was based on a consideration of the standards for evaluation of hearsay evidence established by the board in *Borninkhof v. Department of Justice*, 5 MSPB 150, 5 M.S.P.R. 77 (1981), and her apparent belief that hearsay evidence could not amount to the quantum of proof necessary to prove the charges by a preponderance of the evidence. The presiding official thus concluded that the agency failed to establish the charges in accordance with its statutory burden, "[a]s the only evidence against both [petitioners] that relates to the charges" was those documents.

## The Opinion of the Board

Granting review, the majority opinion of the board noted that the record established the agency produced a T and A report for each petitioner, signed by petitioners' supervisor, indicating that petitioners were scheduled to work and were AWOL on August 3–6, 1981. After a review of these T and A reports, the majority concluded that the reports supported the charge that each petitioner was AWOL during the dates of the strike. It then found, "[b]ased on the T and A reports alone," that "the agency established a *prima facie* case of the [petitioners'] strike participation which [petitioners] failed to rebut." The majority also found that the presiding official had

misapplied the *Borninkhof* hearsay standards to the T and A reports and concluded "that this unrebutted evidence of the [petitioners'] absence on the dates charged was sufficient to establish the agency's charges by preponderant evidence." It therefore reversed the initial decision and sustained the agency's removal action against petitioners.

Board member Dennis M. Devaney dissented, his opinion suggesting that "the presiding official's legal analysis and conclusion that the agency failed to carry its statutory obligation to establish" the charges by a preponderance of the evidence was correct. Devaney's opinion characterized the documents as hearsay which lacked "any indicia of reliability" under *Borninkhof,* and concluded that the *documents alone* were not sufficient to sustain the charges.

## OPINION

■ The agency has the burden of proving its charges by a preponderance of the evidence. 5 U.S.C. § 7701(c)(2)(B). Under this statutory provision, the board has required the agency to prove the charges of misconduct upon which it relied in taking the adverse action by a preponderance of the evidence, *see In re Van Sciver,* 1 MSPB 94, 1 M.S.P.R. 99 (1979), in addition to establishing a "nexus" or "rational connection" between the act of misconduct and the "efficiency of the service," *see Merritt v. Department of Justice,* 6 MSPB 493, 6 M.S.P.R. 585 (1981), and establishing that the penalty was appropriate and did not "exceed the limits of reasonableness," *see Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280 (1981).

■ The issue here is whether the agency proved strike participation and being AWOL during August 3–6, 1981. Striking can be proven when it is shown that the employee charged withheld his services in concert with others. In *Schapansky v. Department of Transportation, Federal Aviation Administration,* 735 F.2d 477 (Fed.Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984), this court held that "proof of a wide-spread [sic] strike of general knowledge, together with proof of absence without authorization or explanation during the strike" constitutes a prima facie case of strike participation. 735 F.2d at 482.

■ Proving a prima facie case compels the conclusion sought to be proven unless evidence sufficient to rebut the conclusion is produced. In a board proceeding, once the agency has made a prima facie showing, the burden of going forward with evidence to rebut that showing shifts to the employee. While the burden of proving the charges by a preponderance of the evidence remains upon the agency, *see Schapansky,* supra, an unrebutted prima facie case necessarily amounts to proof by a preponderance of the evidence.

■ Preponderance of the evidence, with respect to the burden of proof in civil or administrative actions such as this one, means the greater weight of evidence, evidence which is more convincing than the evidence which is offered in opposition to it. A preponderance of the evidence is specifically defined in 5 CFR 1201.56(c)(2) as:

> That degree of relevant evidence which a reasonable mind, considering the record as a whole, might accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

After considering the relevant evidence in this case, including the T and A reports and the board's official taking notice of the existence of a nationwide strike, the presiding official concluded that the agency had made a prima facie showing of strike participation. At that point in the proceeding, the burden of producing evidence to rebut that prima facie case shifted to petitioners. Petitioners deliberately chose to present no rebuttal evidence, apparently concluding that a prima facie case had not been established and that they could prevail by that strategem.

■ The board majority properly concluded that the presiding official erred in

holding that the totality of the evidence submitted by the agency was insufficient to meet the agency's burden of proof. The board's conclusion was based on an application of the *Borninkhof* factors to the documentary evidence. The board noted that the T and A reports clearly applied to the time period in question, that they bore the signature of petitioners' supervisor, and that petitioners never challenged the authenticity of the reports. The reports themselves are self-explanatory, and demonstrate that petitioners were AWOL on August 3–6, 1981. Although this prima facie showing of petitioners' absence amounts to nothing more than a bare minimum of evidence, when such self-explanatory documentary evidence of petitioners' absence is unrebutted, the only conclusion that a reasonable mind can make is that the fact of petitioners' absence on the days in question is more likely true than not true.

■ This case may be distinguished from another recent decision by this court, *Jackson v. Veterans Administration*, 768 F.2d 1325 (Fed.Cir.1985), in which this court reversed the board and concluded that the presiding official's determination that the agency had not proved its case by a preponderance of the evidence was correct. The court there reversed the board's decision because the decision of the presiding official was based on the credibility of witnesses, an issue on which the presiding official should be accorded substantial deference. Here, the board's decision not to adopt the presiding official's initial decision was based entirely on a review of documentary evidence, the identical evidence presented to the presiding official and to this court. Where the final decision of the board is based entirely on a question of law, as is this case, there is no basis for according substantial deference to the presiding official's conclusion.

Having proved a prima facie case of strike participation under *Schapansky*, the agency's showing amounted to a preponderance of the evidence after petitioners failed to rebut the prima facie case. An unrebutted prima facie case is necessarily,

by definition, a "preponderance" of the evidence. *See Schapansky*, supra, 735 F.2d at 483.

The agency's conduct before the presiding official in this case is not to be condoned. As a result of its own failure to cooperate, the agency came perilously close to losing its case. However, the evidence presented, which could have been easily rebutted, was unchallenged, petitioners having chosen to rely on their own incorrect assessment of it. Although petitioners argue that they "had no duty to prove their innocence," they did have a burden of coming forward with evidence to rebut the evidence against them, which they failed to do. Having proven a prima facie case of strike participation under *Schapansky*, the agency's showing amounted to a preponderance of the evidence after petitioners failed to rebut the prima facie case.

■ This court may not set aside a board decision unless it was arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, obtained without following applicable procedures, or unsupported by substantial evidence in the record. 5 U.S.C. § 7703(c); *Lindahl v. Office of Personnel Management*, — U.S. —, — n. 5, 105 S.Ct. 1620, 1624 n. 5, 84 L.Ed.2d 674 (1985). Our consideration of the evidence of record indicates that the board's conclusion that the agency established a prima facie case against petitioners is supported by substantial evidence. Absent any rebuttal, it suffices.

The board's decision to sustain removal of petitioners is therefore *affirmed*.

AFFIRMED.