854 F.2d 1327
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ernest C. TEICHMANN, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 87-3552.
 United States Court of Appeals, Federal Circuit.
 July 1, 1988.
 
 Before DAVIS,* NIES and PAULINE NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Ernest C. Teichmann appeals from a final decision of the Merit Systems Protection Board, Initial Decision No. PH07528510573-1, upholding the removal of Mr. Teichmann from his position as a civilian employee of the Department of the Army for indecent and disgraceful conduct. We affirm.
 
 OPINION
 
 2
 An agency undertaking to remove an employee under Chapter 75 bears the burden of proof of its charges by a proponderance of the evidence. 5 U.S.C. Sec. 7701(c)(1)(B) (1982); Hale v. Department of Transp., FAA, 772 F.2d 882, 885 (Fed.Cir.1985). Under the board's precedent the Administrative Judge (AJ) cannot merely announce the result of the case but must give a reasoned elaboration for the decision. See Wright v. Social Sec. Admin., 5 M.S.P.R. 178, 180 (1981).
 
 
 3
 Here, the complaining witness, Ms. Harrison, testified that Mr. Teichmann had sexually assaulted her; Mr. Teichmann denied the allegation. There were no other witnesses to the alleged assault. Given this scenario, the AJ's decision and reasoned basis necessarily turned on a credibility determination, i.e., a choice between two diametrically opposed versions of the events by the two principal witnesses. It is the function of the AJ to make this choice and to explain his decision. When the AJ did not make the required determination, the board properly remanded the case for him to do so. Because the board is within its authority "to reject a presiding official's decision in a particular case and substitute its own decision, either on the facts or on the law," or "with respect to the credibility of witnesses," Jackson v. Veterans Admin., 768 F.2d 1325, 1330 (Fed.Cir.1985), it was not an abuse of discretion for the board to remand this case to the AJ and to require him to decide which witness was more credible. See Wright, 5 M.S.P.R. at 180 (presiding official must make clear credibility finding when there is contradictory testimonial evidence regarding a critical factual finding).
 
 
 4
 On remand, the AJ found Ms. Harrison to be more credible than Mr. Teichmann in view of observations by Ms. Perry and Sergeant Johnson of Ms. Harrison's emotional state immediately after the incident, and Mr. Teichmann's entire course of conduct. The board, in its review, declined to disturb that finding, noting the importance of ordinarily allowing the AJ's credibility findings to stand when the AJ has been present to hear live testimony and observe the demeanor of the witnesses. See Jackson, 768 F.2d at 1331. We find no reason to alter the board's decision.
 
 
 5
 Mr. Teichmann also challenges the board's decision because he believes that he was denied due process at the pre-termination stage of the proceedings. Specifically, he objects to Col. Brown serving as both proposing official and deciding official, when Col. Brown had earlier encouraged Ms. Harrison to file her report of the assault.
 
 
 6
 In DeSarno v. Department of Commerce, 761 F.2d 657, 660 (Fed.Cir.1985), we held that due process is not violated when the official proposing an employee's removal or discipline also serves as the deciding official. Mr. Teichmann nevertheless argues that due process was denied here because Col. Brown had pre-judged the removal action. In support of that view, Mr. Teichmann offers as evidence Col. Brown's comment to Ms. Harrison that she had "an obligation to do the right thing" (which was interpreted by Ms. Harrison to mean that she should report the assault). Mr. Teichmann would have us infer from that statement, and from Ms. Harrison's understandable reluctance to file an official report accusing a senior co-worker of sexual assault, that Col. Brown coerced Ms. Harrison to file the report and that Col. Brown had pre-judged Mr. Teichmann's removal action. The board rejected that characterization of the facts and we see no reason to alter that finding. We do not believe that Col. Brown's degree of participation in the events occurring before he proposed Mr. Teichmann's removal is an intrusion on Mr. Teichmann's due process rights.
 
 
 7
 Mr. Teichmann also argues that Col. Brown's testimony--that he could sense that Mr. Teichmann was lying when Mr. Teichmann, on the day after the alleged assault, volunteered his account of the incident--indicates that Col. Brown had already made up his mind. Yet, Col. Brown testified that he did not make a decision concerning Mr. Teichmann's removal until he had considered Mr. Teichmann's oral and written replies to Ms. Harrison's accusations. A statement by Col. Brown reflecting his contemporaneous assessment of Mr. Teichmann's veracity neither indicates that he had prematurely made a final decision nor that he was incapable of changing his mind before he made a final decision. The board found that Col. Brown considered all the evidence of record before removing Mr. Teichmann. We do not find this determination unsupported by substantial evidence.
 
 
 8
 Mr. Teichmann also offered other evidence, rejected by the board, to show pre-judgment by the deciding official. We similarly are unpersuaded.
 
 
 
 *
 Judge Davis died on June 19, 1988