**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KWADWO O. AMOAKO, | DOCKET NUMBER |
| Appellant, | DC-0752-18-0574-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: August 28, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anupa Mukhopadhyay</u>, Esquire, White Plains, Maryland, for the appellant.

<u>Stephanie Sneed</u>, Esquire, Bethesda, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify and supplement the administrative judge's analysis of the appellant's claim of retaliation for requesting leave under the Family and Medical Leave Act of 1993 (FMLA), we AFFIRM the initial decision.

## BACKGROUND

In May 2018, the agency removed the appellant from his Psychiatric Nurse position based on the following three charges: (1) deficient duty performance (5 specifications); (2) failure to follow instructions (2 specifications); and (3) inappropriate conduct (1 specification). Initial Appeal File (IAF), Tab 8 at 31, 33-34, Tab 18 at 11-13.

The appellant timely filed a Board appeal of his removal, and he requested a hearing. IAF, Tab 1 at 1-7, Tab 30, Initial Decision (ID) at 1. He raised the affirmative defenses of discrimination (race, color, and national origin), retaliation for filing a prior equal employment opportunity (EEO) complaint (alleging discrimination based on race, color, and national origin), and retaliation for requesting FMLA leave. IAF, Tab 1 at 13, 23-29, Tab 19 at 5-6, Tab 28 at 5-7.

After holding a hearing, the administrative judge issued an initial decision affirming the appellant's removal. ID at 1, 21. Specifically, she found that the agency proved all of its charges and specifications except for specification 1 of

the charge of deficient duty performance. ID at 8-15. She further found that the appellant failed to prove his affirmative defenses. ID at 15-18. In addition, she found the existence of nexus between the sustained misconduct and the efficiency of the service and that the penalty of removal is within the bounds of reasonableness. ID at 18-21.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant does not challenge on review, and we discern no reason to disturb, the administrative judge's findings that he failed to prove the affirmative defenses of discrimination (race, color, and national origin) and reprisal for engaging in protected EEO activity and that the sustained misconduct has a nexus to the efficiency of the service. PFR File, Tab 1; ID at 15-19. Moreover, we decline to disturb the administrative judge's well-reasoned and thorough penalty analysis based on the appellant's mere disagreement with her finding that the penalty of removal is within the bounds of reasonableness.[3] PFR File, Tab 1 at 5; ID at 19-21; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

In his petition for review, the appellant asserts that the administrative judge made factually inaccurate statements in the background section of the initial

---

[2] The appellant has included a copy of the initial decision with his petition for review. PFR File, Tab 1 at 7-34.

[3] We discern no error in the administrative judge's discussion of the appellant's prior suspensions in her penalty analysis when the record reflects that the agency notified the appellant that it was considering them in proposing and deciding his removal. PFR File, Tab 1 at 5; ID at 19-21; IAF, Tab 8 at 33, Tab 18 at 13; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (explaining that an employee's past disciplinary record is a relevant factor in assessing the appropriateness of an agency-imposed penalty for an employee's misconduct).

decision. PFR File, Tab 1 at 2; ID at 1-3. For example, he disputes her description of when he began working in Ward 7 West and when the proposing official assumed the Service Chief position. PFR File, Tab 1 at 2; ID at 1-2. Because the appellant's assertions of errors concern underlying facts that are immaterial to the outcome of this appeal, we decline to disturb the initial decision on such a basis. *See* 5 C.F.R. § 1201.115(a)(1).

<u>We affirm the administrative judge's findings that the agency proved its charges.</u>

Generally, an agency is required to prove its charges in an adverse action appeal by preponderant evidence.[4] 5 U.S.C. § 7701(c)(1)(B); *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 11 (2016). For the reasons discussed in the initial decision, we agree with the administrative judge's findings that the agency proved its charges by preponderant evidence. ID at 8-15. Further, as explained below, we find that the appellant has failed to provide a reason on review to disturb such findings.

Specification 1 of the charge of failure to follow instructions alleged that the appellant did not report for a meeting with his supervisor as instructed. IAF, Tab 18 at 12. In sustaining this specification, the administrative judge considered, but found unavailing, the appellant's arguments that he needed to use the restroom when he was instructed to report for the meeting and that he was entitled to union representation at the meeting. ID at 12-13. We discern no reason to disturb the initial decision based on the appellant's reassertion of such arguments on review when they were addressed adequately by the administrative judge. PFR File, Tab 1 at 4; ID at 12-13; *see Crosby*, 74 M.S.P.R. at 106.

Specification 3 of the charge of deficient duty performance and specification 2 of the charge of failure to follow instructions concerned the appellant's alleged on-duty misconduct on August 25-27, and 29 of 2017. IAF,

_____

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

Tab 18 at 11-13. In sustaining these specifications, the administrative judge relied on the agency's official time records to establish the appellant's presence at work on the dates in question. ID at 9-10, 13-14; IAF, Tab 18 at 40. Although she considered the appellant's testimony that he was not on duty on the relevant dates and that the agency's time records were doctored, she found that his testimony was not credible based, in part, on his demeanor. ID at 10, 13-14; IAF, Tab 29, Hearing Compact Disc (HCD) (testimony of the appellant). She further found that he failed to present any credible evidence to support his assertion that the agency's time records were doctored. ID at 10. On review, the appellant reasserts his claim that the agency's computer-generated time records are fraudulent. PFR File, Tab 2-3. He also questions why the agency did not produce a copy of a schedule and a manual sign-in sheet that allegedly refute the agency's time records. *Id.*

The appellant's assertions on review fail to provide a reason to disturb the administrative judge's demeanor-based credibility findings. ID at 10; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing). Moreover, in the absence of credible evidence to rebut the agency's time records, we find that the administrative judge properly relied on such records to prove the appellant's attendance at work. IAF, Tab 18 at 40; *see Hale v. Department of Transportation, Federal Aviation Administration*, 772 F.2d 882, 885-86 (Fed. Cir. 1985) (finding that unrebutted time and attendance reports satisfied the preponderance of the evidence standard). To the extent the appellant is attempting to raise a discovery issue, the record reflects that he did not file a motion to compel discovery or a written request for a subpoena to require the production of the alleged schedule or sign-in sheet. *See* 5 C.F.R. §§ 1201.73(c) (providing that parties may file motions to compel discovery or for the issuance of a subpoena); 1201.81 (providing that parties must

file requests for subpoenas in writing). Thus, he cannot claim harm on review by the agency's alleged failure to provide voluntarily certain evidence. *See Kinsey v. U.S. Postal Service*, 12 M.S.P.R. 503, 505-06 (1982) (finding that the appellant could not claim harm on review by the agency's refusal to provide voluntarily pertinent documents when he failed to avail himself of the Board's discovery and subpoena procedures); *see also Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005) (finding that the appellant was precluded from raising a discovery issue for the first time on review when he did not file a motion to compel discovery), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

The appellant next argues on review that the administrative judge ignored the testimony of his witnesses, M.O. and E.A., who he alleges provided testimony relevant to specifications 3 and 5 of the charge of deficient duty performance. PFR File, Tab 1 at 3; IAF, Tab 18 at 11-12, 16. An administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In any event, we have reviewed the hearing testimony of the appellant's witnesses, and we find that it does not provide a reason to disturb the initial decision. In particular, when questioned by the appellant's representative about certain events related to specifications 3 and 5 of the charge of deficient duty performance, both witnesses testified that they could not remember the details of such events. HCD (testimony of M.O. and E.A.).

The appellant further argues on review that he was denied the opportunity to cross-examine the agency's witnesses, S.L., J.R., and D.S., when they did not appear at the hearing. PFR File, Tab 1 at 4; IAF, Tab 18 at 5-6. The agency stated in its prehearing submission that these witnesses would provide testimony relevant to its charges. IAF, Tab 18 at 5-6. However, the record reflects that the appellant did not request them as witnesses in his prehearing submission, IAF, Tab 19 at 9-10, or object to the administrative judge's rulings approving them as

witnesses for the agency only in the Order and Summary of Prehearing Conference, IAF, Tab 28 at 1, 7-8. The record further reflects that the appellant did not file a written request for subpoenas to require the attendance and testimony of the agency's witnesses or a motion to postpone the hearing to obtain their presence. *See* 5 C.F.R. §§ 1201.51(c) (providing that a party may file a motion for postponement of the hearing), 1201.81. Because the appellant failed to avail himself of the Board's procedures that might have led to the appearance of the agency's witnesses at the hearing, we find no merit to his contention that he was denied the opportunity to cross-examine them. *See Dubiel v. U.S. Postal Service*, 54 M.S.P.R. 428, 432 (1992) (finding that the appellant failed to show that he was denied a fair hearing when the agency's approved witnesses did not appear at the hearing and he was not able to cross-examine them); *Lohr v. Department of the Air Force*, 24 M.S.P.R. 383, 386 (1984) (finding no merit in the appellant's argument that she was denied the opportunity to cross-examine the agency's requested witness when the agency elected not to call the witness to testify at the hearing).

In addition, the appellant asserts that the administrative judge should not have considered the written statements of S.L., J.R., and D.S. because they constitute hearsay evidence, and he challenges her credibility findings regarding such statements. PFR File, Tab 1 at 4. It is well-settled law that relevant hearsay evidence is admissible in administrative proceedings. *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83 (1981). Here, because the written statements of S.L., J.R., and D.S. are relevant to the agency's charges, we find that it was within the administrative judge's discretion to consider them. ID at 4, 8-11; IAF, Tab 8 at 56-57, 62, Tab 18 at 11-13, 26-27. *See Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 13 (2003) (observing that an administrative judge has wide discretion to receive relevant evidence); 5 C.F.R. § 1201.41(b)(3). Moreover, the administrative judge only relied on S.L.'s written statement in finding that the agency failed to prove specification 1 of the charge of deficient

duty performance. ID at 8-9; IAF, Tab 8 at 56-57. Thus, we discern no prejudice to the appellant's substantive rights based on the administrative judge's reliance on such evidence. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

For the following reasons, we find that the administrative judge properly assigned probative value to J.R. and D.S.'s written statements and that such evidence constitutes preponderant evidence under the circumstances. *See Kewley v. Department of Health & Human Services*, 153 F.3d 1357, 1364 (Fed. Cir. 1998) (observing that hearsay evidence may be accepted as preponderant evidence in Board proceedings, even without corroboration, if the circumstances lend it credence). The Board generally evaluates the probative value of hearsay evidence by considering the following factors: (1) the availability of persons with firsthand knowledge to testify at the hearing; (2) whether the statements of the out-of-court declarants were signed or in affidavit form, and whether anyone witnessed the signing; (3) the agency's explanation for failing to obtain signed or sworn statements; (4) whether declarants were disinterested witnesses to the events, and whether the statements were routinely made; (5) consistency of declarants' accounts with other information in the case, internal consistency, and their consistency with each other; (6) whether corroboration for statements can otherwise be found in the agency record; (7) the absence of contradictory evidence; and (8) the credibility of the declarant when he made the statement attributed to him. *Borninkhof*, 5 M.S.P.R. at 87.

Here, in sustaining specification 5 of the charge of deficient duty performance, the administrative judge credited J.R.'s email as contemporaneous to the alleged misconduct. ID at 10-11; IAF, Tab 18 at 12, 26-27. In his email, J.R. described his firsthand experience with the appellant, the Charge Nurse (E.A.), and the patient involved in the alleged incident. IAF, Tab 18 at 12, 26-27. The appellant has not challenged J.R.'s motives or provided any contradictory

evidence other than his own testimony denying the alleged misconduct. ID at 11; HCD (testimony of the appellant). The appellant has failed to provide a reason to disturb the administrative judge's demeanor-based finding that such testimony is not credible. ID at 11; *see Haebe*, 288 F.3d at 1301. Moreover, the appellant has failed to point to any evidence to support his bare assertion that J.R. was not on duty on the night in question and E.A. was not the Charge Nurse. PFR File, Tab 1 at 3. Accordingly, we find that the administrative judge properly relied on J.R.'s email to sustain the specification. *See Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶¶ 26, 28 (2010) (finding that out-of-court statements were more credible and probative than the respondent's hearing testimony when, among other things, the statements were contemporaneous with the incident in question and made by disinterested parties), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011), *overruled on other grounds by Department of Health & Human Services v. Jarboe*, 2023 MSPB 22.

Further, the administrative judge implicitly relied on D.S.'s memorandum in sustaining specification 2 of the charge of failure to follow instructions. ID at 4, 8-9; IAF, Tab 8 at 62. The record reflects that D.S. described her firsthand experience as a Medical Clerk with the appellant in a written memorandum that she digitally signed a few days after the alleged incident. IAF, Tab 8 at 62, Tab 18 at 13. The appellant has not challenged D.S.'s motives or provided any contradictory evidence other than his own testimony that he was not on duty on the date in question. ID at 13-14; HCD (testimony of the appellant). Based on our discussion above, we decline to disturb the administrative judge's findings that the appellant's testimony was not credible and that he failed to rebut the agency's time records establishing his presence at work. ID at 10, 13-14; IAF, Tab 18 at 40. After considering the foregoing factors, we find that D.S.'s memorandum has sufficient reliability to constitute preponderant evidence. *See Borninkhof*, 5 M.S.P.R. at 87.

<u>We affirm the administrative judge's finding that the appellant failed to prove his claim of retaliation for requesting FMLA leave, as modified to clarify and supplement her analysis.</u>

The administrative judge analyzed the appellant's claim of retaliation for requesting FMLA leave as a prohibited personnel practice described in 5 U.S.C. § 2302(b)(9), citing *Doe v. U.S. Postal Service*, 95 M.S.P.R. 493, ¶ 11 (2004). ID at 17. After the administrative judge issued the initial decision, the Board issued *Marcell v. Department of Veterans Affairs*, 2022 MSPB 33, ¶¶ 6-7, which held that FLMA leave requests are excluded from protection under 5 U.S.C. § 2302(b)(9), and overruled *Doe* to the extent the Board explicitly or implicitly found otherwise. Accordingly, we modify the initial decision to clarify that requesting FMLA leave does not constitute protected activity under 5 U.S.C. § 2302(b)(9). Moreover, for an appellant to prevail on a contention of illegal retaliation, he has the burden of proving the following: (1) a protected disclosure was made; (2) the accused official knew of the disclosure; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986). Here, we find that the appellant cannot prevail on his retaliation claim under the *Warren* standard because we agree with the administrative judge's finding that he failed to provide preponderant evidence of a causal connection between his FMLA leave requests and his removal. ID at 17-18. Further, we discern no error in the administrative judge's finding that the appellant's FMLA leave requests were not related to the agency's charges or considered as an aggravating factor in the agency's penalty analysis. PFR File, Tab 1 at 5; ID at 17-18; IAF, Tab 8 at 40-41, Tab 18 at 11-13.

<u>We find that the appellant's claim of adjudicatory bias is unavailing.</u>

Finally, the appellant argues that the administrative judge's analysis and rulings were biased in favor of the agency. PFR File, Tab 1 at 1-2, 5. However, the Board will not infer bias based on an administrative judge's case-related

rulings, *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013), and we find that the appellant's broad allegation of bias is insufficient to rebut the presumption of the administrative judge's honesty and integrity, *see Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Thus, we find that the appellant's claim of adjudicatory bias is unavailing.

Accordingly, we sustain the agency's removal action.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] The appellant reasserts his claim that the deciding official was removed 3 months before she issued the decision to remove him. PFR File, Tab 1 at 5; IAF, Tab 19 at 8. Because the appellant has failed to support his claim with any evidence, we decline to disturb the initial decision on such a basis. Moreover, we discern no reason to disturb the initial decision based on the appellant's vague allegation that the deciding official had a "vested interest" in his removal. PFR File, Tab 1 at 5.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.